IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Patrick Joseph Studley; N.S., *as a minor by and through his father and guardian Patrick Joseph Studley parental natural guardian*,

Plaintiffs,

v.

Jason Baldwin,

Defendant.

C/A No. 3:16-00388-JMC-PJG

**REPORT AND RECOMMENDATION**

The plaintiff, Patrick Joseph Studley ("Plaintiff"),[1] a self-represented litigant, brings this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.). The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that the Complaint should be summarily dismissed without prejudice and without issuance and service of process.

## I. Procedural Background

When Plaintiff initially filed this action, he moved to proceed *in forma pauperis*. (ECF No. 3.) However, he failed to provide a Form USM-285 for the defendant so that the United States Marshals Service could effect service of process. Consequently, the court issued an order granting

[1] Plaintiff was warned that non-attorney parents generally may not litigate claims for their minor children in federal court. (ECF No. 12 at 1.) See Myers v. Loudoun Cty. Pub. Schs., 418 F.3d 395, 401 (4th Cir. 2005). Plaintiff was granted thirty days to obtain counsel for N.S. and he was informed that N.S.'s claims may be dismissed otherwise. Plaintiff has not demonstrated to the court that he has retained counsel for N.S. Consequently, N.S.'s claims are dismissed *without prejudice*, and N.S. is terminated as a party to this action.

Plaintiff's motion to proceed *in forma pauperis* and directing him to submit a Form USM-285 for the defendant. (ECF No. 12.) However, Plaintiff did not receive the order, as the order was returned to the court as undeliverable mail. (ECF No. 14.) Plaintiff has not provided the court with a new address, and the court's docket indicates no attempt by Plaintiff to contact the court.

**II. Discussion**

As indicated above, Plaintiff has failed to provide an updated address to the court and has failed to provide the necessary information and paperwork to enable review and possible service of process under 28 U.S.C. § 1915. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). As well as inherent authority, a court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. The United States Court of Appeals for the Fourth Circuit has held that a court should "ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation marks and citation omitted).

In the instant action, Plaintiff is proceeding *pro se*; therefore, he is solely responsible for his failure to provide an updated address. Further, because Plaintiff has failed to provide updated address information, the court cannot provide him notice as to proceedings in his case. Therefore, it does not appear that any sanction less drastic than dismissal is available, and this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ballard v. Carlson,





882 F.2d 93, 95 (4th Cir. 1989) (finding that dismissal of a suit did not constitute abuse of discretion where the plaintiff "failed to respond to a specific directive from the court").

**III. Conclusion**

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 19, 2016
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).